UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

IN RE FACEBOOK, INC. IPO, SECURITIES          12 MDL 2389 (RWS)
                                              12 Civ. 4215 (RWS)
AND DERIVATIVE LITIGATION                     12 Civ. 4763 (RWS)

                                                  OPINION

----------------------------------X

A P P E A R A N C E S:

                Attorneys for the Movants

                HARWOOD FEFFER LLP
                488 Madison Ave.
                New York, NY 10022
                By: Joel C. Feffer, Esq.

                Attorneys for the Lead Plaintiffs

                LABATON SUCHAROW LLP
                140 Broadway
                New York, NY 10005
                By: James W. Johnson, Esq.

                BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
                1285 Avenue of the Americas
                New York, NY 10019
                By: John Rizio-Hamilton, Esq.

                Attorneys for Defendants Morgan Stanley & Co. LLC,
                J.P. Morgan Securities LLC, and Goldman, Sachs & Co.

                DAVIS POLK & WARDWELL LLP
                450 Lexington Ave.
                New York, NY 10017
                By: James P. Rouhandeh, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|3|15

**Sweet, D.J.**

By letter of March 23, 2015, Laurence Cornacek ("Cornacek") and Eugene Stricker ("Stricker," collectively with Cornacek, the "Movants") requested the Court to enter judgment *sua sponte* pursuant to Fed. R. Civ. P. Rule 41(b), dismissing with prejudice their complaints alleging violations by the Defendants of Section 20A of the Securities and Exchange Act of 1934 (the "Exchange Act"). Based on the conclusions set forth below, the request is denied.

## Prior Proceedings

Numerous securities class action complaints were filed in 2012 following the initial public offering of the common stock of Facebook, Inc., a major social networking company, including separate actions brought by each of the Movants alleging violations of Section 20A of the Exchange Act. In December 2012, the various proposed securities class actions, including those filed by the Movants, were consolidated and lead plaintiffs for the purported class were appointed. See In re Facebook, Inc. IPO Sec. & Derivative Litig., 288 F.R.D. 26, 35-36 (S.D.N.Y. 2012). The Order also directed the Lead Plaintiffs

to file a consolidated complaint on behalf of the purported class.  See id. at 36.

In 2013, the Lead Plaintiffs filed a Consolidated Class Action Complaint asserting claims under Sections 11, 12(a), and 15 of the Securities Act of 1933, but none under the Exchange Act.  (Dkt. No. 71.)  After the consolidated complaint was filed, Cornacek and Stricker moved for an order severing their actions from the consolidated class action so that they might prosecute a separate, parallel class action asserting their Exchange Act claims.  (Dkt. No. 77.)  The Court denied the motion, holding that Cornacek and Stricker could not maintain a competing class action, but noting that they could choose to file individual actions on their own behalf.  See In re Facebook, Inc., IPO Sec. & Derivative Litig., MDL No. 12-2389, 2013 WL 4399215, at *6 (S.D.N.Y. Aug. 13, 2013).

The Movants' letter seeking dismissal, dated March 23, 2015, was treated as a motion by the Court.  Defendants Morgan Stanley & Co. LLC, JP Morgan Securities LLC, and Goldman, Sachs & Co. filed a letter in opposition on March 27, 2015.  Lead Plaintiffs filed their own letter in opposition three days later.  The motion was heard on April 11, 2015.

**The Motion is Denied.**

The actions filed by the Movants have been consolidated
with the other class actions, and their complaints have been
superseded by the Consolidated Class Action Complaint filed by
the Lead Plaintiffs.  See In re Direxion Shares ETF Trust, 279
F.R.D. 221, 236 (S.D.N.Y. 2012) (where claims are dropped from a
superseding class action complaint, they are considered to have
been voluntarily dismissed); see also In re IndyMac Mortg.-
Backed Sec. Litig., 793 F. Supp. 2d 637, 643-44 (S.D.N.Y. 2011)
(explaining that a separate complaint filed by a plaintiff
before consolidation with other action is superseded and "claims
. . . asserted in [the plaintiff's] original complaint are not
still pending as part of [the consolidated] action"), aff'd in
part sub nom. Police & Fire Ret. Sys. of City of Detroit v.
IndyMac MBS, Inc., 721 F.3d 95 (2d Cir. 2013).  The Movants
therefore no longer have separate complaints pending before the
Court.  See In re Direxion, 279 F.R.D. at 236 (a superseded
claim is treated "as if it had never been filed," and subsequent
procedural actions cannot be taken with regard to "a claim that
no longer exists.").  To preserve the integrity of the class
action process, there is nothing for the Court to dismiss.

The Movants also misunderstand the purpose of Federal Rule
41(b), which is "is on its face appropriate only as a
defendant's remedy," and not a viable avenue for a plaintiff
seeking to voluntarily dismiss his own superseded claim.  See

Societe Internationale Pour Participations Industrielles Et
Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958).  Since
there has not been, and cannot be, any final dismissal of a
superseded complaint, the principle that final dismissals of
separate complaints in consolidated cases are appealable is
equally inapplicable.  See Gelboin v. Bank of Am. Corp., 135
S.Ct. 897, 904-05 & n.3 (2015); In re Refrigerant Compressors
Antitrust Litig., 731 F.3d 586, 590-91 (6th Cir. 2013).

Cornacek and Stricker seek a final judgment of dismissal in
order to appeal this Court's 2012 consolidation order and its
2013 denial of their motion to sever.  (See Movants' March 23
letter at 2.)  Neither of those rulings is a final, appealable
decision under 28 U.S.C. § 1291, nor does the collateral order
doctrine permit appeal of consolidation or severance orders.
See In re Repetitive Stress Injury Litig., 11 F.3d 368, 372 (2d
Cir. 1993); Hoffman v. De Marchena Kaluche & Assciados, 642 F.3d
995, 998 (11th Cir. 2011); see also 15B Charles Alan Wright et
al., Federal Practice and Procedure: Jurisdiction and Related
Matters § 3914.20 (2d ed. 2014) (noting the "ordinary rule []
that appeal cannot be taken from orders granting or denying
consolidation or severance." (footnotes omitted)).

**Conclusion**

For the reasons stated above, the request, treated as a motion, is denied.

Dated:    New York, New York
          July 79 , 2015

_____
                    Robert W. Sweet
                       U.S.D.J.